United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUDY ANN HOLLOMON, BOP #21518-078, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2698 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Judy Ann Hollomon (BOP #21518-078), has filed an amended Complaint for a Civil Case Alleging Negligence against the United States in connection with the conditions of her confinement at the Federal Prison Camp in Bryan, Texas ("Amended Complaint") (Docket Entry No. 14). Hollomon has also filed Plaintiff's More Definite Statement of her claims (Docket Entry No. 16). Because Hollomon is incarcerated, the court is required to scrutinize the claims and dismiss the Amended Complaint, in whole or in part, if it determines that the Amended Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case should be dismissed for the reasons explained below.

## I. **Background**

Hollomon filed this lawsuit originally against the Federal Bureau of Prisons and several of its employees, including Warden Marne Boyle, Dr. Inzune Kim Hwang, Physician's Assistant ("P.A.") Brenda Brozell, and Officer Graves.[1] Subsequently, Hollomon filed an Amended Complaint, designating the United States as the only defendant.[2]

Hollomon alleges that she was injured on July 18, 2014, while working in the food service area of the Federal Prison Camp in Bryan, Texas, when she slipped and fell on the concrete kitchen floor.[3] Hollomon contends that she was injured as the result of negligence on the part of Officer Graves, who knew that the floor was slippery due to repeated spills of "hazardous grease," but failed to keep her safe.[4] Hollomon further contends that she was denied adequate medical care for her injuries by Dr. Hwang and P.A. Brozell.[5] Hollomon seeks monetary damages in the amount of $350,000.00.[6]

---

[1]Complaint for a Civil Case Alleging Negligence, Docket Entry No. 1, pp. 2-3, 9-10.

[2]Amended Complaint, Docket Entry No. 14, pp. 1-2.

[3]Id. at 5.

[4]Id. at 8.

[5]Id. at 5-7.

[6]Id. at 9.

## II. Discussion

The exclusive vehicle for tort claims against the United States is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, which operates as a "limited waiver" of sovereign immunity. Doe v. United States, 831 F.3d 309, 319 (5th Cir. 2016). If applicable, the FTCA provides that the United States can be liable in tort for any "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The FTCA's waiver of immunity for tort claims, however, does not apply when a plaintiff is already covered by a comprehensive federal compensation statute. United States v. Demko, 87 S. Ct. 382, 384 (1966) ("[W]here there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group."). Inmates such as Hollomon, who seek compensatory damages for work-related injuries sustained while in prison, are protected by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4) (authorizing compensation for "injuries suffered in . . . any work activity in connection with the maintenance or operation of the institution in which the inmates are confined"). Because Hollomon

is covered by the IACA, she is precluded from bringing claims under the FTCA. See Demko, 87 S. Ct. at 384-85; Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. Unit B 1980) (per curiam) (injuries sustained by federal inmates while working in prison are not covered by the FTCA); accord 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act (28 U.S.C. [§] 2671 et seq.)."). Accordingly, the Amended Complaint must be dismissed for lack of jurisdiction. See Aston, 625 F.2d at 1211; Ellis v. Federal Prison Industries, 95 F.3d 54, 1996 WL 460035, at *2 (5th Cir. 1996) (unpublished).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Amended Complaint filed by Judy Ann Hollomon (Docket Entry No. 14) is **DISMISSED without prejudice** for lack of jurisdiction.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 1st day of December, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE